Case No. 23-5644

United States Court of Appeals
for the Sixth Circuit

United States of America                                                    Plaintiff-Appellee

V.     **Motion of United States to Hold Case in Abeyance**

Trenton Layne Taylor                                                     Defendant-Appellant

\* \* \* \* \*

The United States moves to hold this case in abeyance pending this Court's decision in *United States v. Goins*, Case No. 23-5848, because the ruling in *Goins* will resolve the issue that Taylor advances in this case. This Court has expedited *Goins*, and the government's brief in *Goins* was filed on November 21.

A panel of this Court may hold an appeal in abeyance pending the resolution of an issue by a panel of the Court in another case. *See, e.g.*, *Ware v. United States*, 55 F. App'x 351, 351-52 (6th Cir. 2003) (noting that case held in abeyance pending resolution of same argument by another panel).

In this appeal, as in *Goins*, the disputed issue is whether the Second Amendment bars the defendant's prosecution for violating 18 U.S.C. § 922(g)(1). Taylor's Brief at 1. Taylor moved the district court to dismiss the indictment against him on grounds that his prosecution for violating 18 U.S.C. § 922(g)(1) was barred by the Second Amendment based on the Supreme Court's decision in

*New York St. Rifle & Pistol Ass'n v. Bruen*, 142 S. Ct. 2111 (2022). Taylor's Brief at 2. [*See* R. 24: Motion at 60.] Goins also filed a motion to dismiss on this ground. *See United States v. Goins*, 647 F. Supp.3d 538 (E.D. Ky. 2022). Taylor, similar to Goins, "contended mainly that his prior felony convictions were non-violent and that our Nation's historical tradition of firearm regulation did not permit permanent disarming of felons, since felon-in-possession laws did not exist until the 20th century and over 100 years after the Second Amendment and the Bill of Rights were adopted in 1791." Taylor's Brief at 3. [*See* R. 24: Motion at 76-79.] Taylor also argued "that his prior convictions were non-violent and the Nation's historical tradition of disarming non-violent felons was even weaker than with regard to felons generally." Taylor's Brief at 3. [See R. 24: Motion at 76-79.] The district court denied Taylor's motion, relying on its prior ruling on the issue in *Goins*. [R. 32: Opinion and Order at 130-32.]

Given the district court's similar rulings in this case and *Goins*, this Court should hold briefing in abeyance in this case until it issues its decision in *Goins*. Staying these proceedings will not result in prejudice to either party and would promote judicial efficiency.

                                              Respectfully submitted,

                                              CARLTON S. SHIER, IV
                                              UNITED STATES ATTORNEY

By:   s/Charles P. Wisdom Jr.
        Chief, Appellate Division
        260 W. Vine Street, Suite 300
        Lexington, Kentucky 40507-1612
        (859) 685-4903
        Charles.Wisdom@usdoj.gov

## CERTIFICATE OF SERVICE

On November 22, 2023, I electronically filed this motion through the ECF system, which will send the notice of docket activity to:

        Robert L. Abell
        *Attorney for Trenton Layne Taylor*

                                  s/ Charles P. Wisdom Jr.
                                  Chief, Appellate Division